# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| PHILLIP A. DAVIS | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2-10-cv-62-TJW |
| | § | |
| SIGNAL INTERNATIONAL, LLC, SIGNAL | § | |
| INTERNTIONAL TEXAS, LP and SIGNAL | § | |
| INTERNATIONAL TEXAS GP, LLC | § | |
|    Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the court is Defendant's Motion for Summary Judgment [Dkt. No. 19]. The Court considered the arguments and relevant law and DENIES the motion.

Plaintiff brings this action for wrongful termination under the Worker adjustment Retraining and Notification Act, 29 U.S.C. § 2101, *et seq* ("the WARN Act"). The Warn Act applies to employers of 100 or more employees who reduce their labor force during a 30-day period by 33% or at least 50 full-time employees. 29 U.S.C § 2101(1)–(3). The loss of employees must occur at a single site of employment. *Id.* at § 2101(3).

Summary judgment is proper if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once a properly supported motion for summary judgment is made, the non-movant must set forth specific facts showing there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

Mr. Davis was employed in the administration building at 905 Pier Road in Orange, Texas and includes within his count of 50 lost jobs those employees that were working in the fabrication yard at 91 Front Avenue in Orange, Texas. The parties dispute whether the fabrication yard and

administration building, which are separated by one mile, are both part of a single site of employment. Whether the two facilities are part of a single site of employment will depend upon specific facts about the locations, such as whether the two sites share management, share payroll personnel, operate to fill the same contracts, have common employees, or other facts tending to show that they operate as a single site of employment. *See Brewer v. Am. Power Source, Inc.*, 291 Fed.Appx 656, 659 (5th Cir. 2008) (reversing a denial of summary judgment where two plants were 40 miles apart in two different states constituted a single site of employment because they "manufacture the same uniforms to fulfill the same contract, and share management and payroll personnel . . . [and] the Columbus plant was an expansion of Fayette's facilities").

The Court has not entered a docket control order or a discovery order and the parties have not conducted any discovery. Based on the information that is available to him, Plaintiff sets forth facts that raise a dispute as to whether the there is a single site of employment. Plaintiff alleges that the managerial and support staff located at the administration building managed the day-to-day operations at the fabrication yard. Plaintiff also points out that the two facilities shared the employees whose duties were related to security, health and safety, sanitation, payroll, and maintenance. The two locations used a single phone system and shared the same set of tools for the purpose of performing facility maintenance. The Court is of the opinion that, even without the benefit of discovery, Plaintiff has set forth sufficient facts to raise an issue of material fact.

It is SO ORDERED.

SIGNED this 14th day of July, 2010.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE